# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joyce Lehman and Howard Lehman,           Civil No. 05-0185 (SRN/SER)
wife and husband,

          Plaintiffs,

v.                                  **ORDER**

Wyeth d/b/a Wyeth, Inc.,
Pharmacia & Upjohn Company, LLC,
Greenstone Ltd., Barr Pharmaceuticals, Inc.,
and Pfizer, Inc.,

          Defendants.

---

Charles S. Zimmerman & Ronald S. Goldser, Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402, counsel for Plaintiffs

Carrie L. Hund & Edward F. Fox, Bassford Remele, PA, 33 South Sixth Street, Suite 3800, Minneapolis, Minnesota 55402, counsel for Defendants Wyeth, Pharmacia & Upjohn Company, LLC, Greenstone Ltd., and Pfizer, Inc.

Jan R. McLean Bernier, Nilan, Johnson, Lewis, PA, 120 South Sixth Street, Suite 400, Minneapolis, Minnesota 55402, counsel for Defendant Barr Pharmaceuticals, Inc.

---

## INTRODUCTION

This is one of many product-liability actions filed in the District of Minnesota related to injuries allegedly caused by the ingestion of the hormone replacement therapy medication, specifically Prempro, Premarin, Medroxyprogesterone Acetate ("MPA") and Provera.  Plaintiffs Joyce and Howard Lehman filed this action against Wyeth d/b/a

Wyeth, Inc., Pharmacia & Upjohn Company, Greenstone Ltd., Barr Pharmaceuticals, and

Pfizer, Inc.  This case was originally consolidated into a multi-district litigation but has

since been remanded.  After remand, the Court issued an Order requiring the parties to

brief the propriety of a transfer under 28 U.S.C. § 1404, given that it appears that the case

lacks any discernable connection to Minnesota and that a transfer would likely promote

the interest of justice.  (Doc. No. 11.)  Plaintiffs now request transfer to the United States

District Court for the Western District of Pennsylvania, Erie Division.  Defendants

oppose transfer from the District of Minnesota but explain that if the Court is inclined to

transfer the case, they agree that it should be transferred to the Western District of

Pennsylvania.  For the reasons stated below, the Court transfers this case to the Western

District of Pennsylvania, Erie Division.

## BACKGROUND

Plaintiffs are both residents of the State of Pennsylvania.  (Compl. ¶ 5; Pls.'

Submission Re Propriety of § 1404(a) Transfer ("Pl.'s Submission") at 3.)  Defendants

are pharmaceutical companies engaged in the design, manufacture, and distribution of

hormone therapy drugs.  (Compl. ¶¶ 6-8.)  Defendants are Delaware corporations with

their principal places of business in New York, New Jersey or Michigan.  (*Id.*)

According to the Complaint, Plaintiff Joyce Lehman ingested hormone therapy

drugs from 1992 to 2000.  (*Id*. ¶¶ 5, 9.)  Mrs. Lehman developed breast cancer and the

results of her cancer pathology test were reported in 2000.  (*Id*. ¶ 5.)  Mrs. Lehman

contends that, as a result of ingesting the hormone therapy drugs, she developed breast

cancer, resulting in personal injuries and damages.  (*Id.*)  In addition, Plaintiff Joseph

Lehman asserts a claim of loss of consortium as a result of his wife's diagnosis and

injuries. (*Id.* ¶ 11.) Plaintiffs maintain that Defendants manufactured the hormone

therapy drugs ingested by Joyce Lehman. (*Id.* ¶¶ 9, 13.) Mrs. Lehman contends that she

ingested the hormone therapy products in Pennsylvania and that her diagnosing,

prescribing and treating physicians reside in Pennsylvania. (Pls.' Submission at 3-5, 15.)

## DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might

have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant

to § 1404(a), the Court must consider the convenience of the parties, the convenience of

the witnesses, and the interest of justice. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119

F.3d 688, 691 (8th Cir. 1997). In considering these factors, the Court must make a

"case-by-case evaluation of the particular circumstances at hand and a consideration of

all relevant factors." *Id.* The burden is on the party seeking the transfer "to show that the

balance of factors 'strongly' favors the movant." *Graff v. Qwest Commc'ns Corp.*, 33

F. Supp. 2d 1117, 1121 (D. Minn. 1999) (quotation omitted).

The Court first concludes that this action "might have been brought" in the

Western District of Pennsylvania. 28 U.S.C. § 1404(a). An action may be brought in any

district where a "substantial part of the events or omissions giving rise to the claim

occurred." 28 U.S.C. § 1391(a)(2). Here, the events giving rise to Plaintiffs' claim

occurred in Pennsylvania, which is where Mrs. Lehman ingested hormone therapy

products and where Plaintiffs and Mrs. Lehman's physicians reside.

The Court also concludes that the convenience of the parties and witnesses favor transfer to the Western District of Pennsylvania.  Here, neither Plaintiffs nor Defendants reside in Minnesota.  Nor have Plaintiffs alleged any other connection with the State. Moreover, the underlying facts related to Plaintiffs' ingestion of hormone replacement drugs and diagnosis and treatment for breast cancer occurred in Pennsylvania.  The physicians and other medical personnel involved in Joyce Lehman's care reside or practice in Pennsylvania.

In addition, other critical witnesses in this action will include experts and company witnesses.  While many of these witnesses reside outside of Pennsylvania, there is no evidence that any reside in Minnesota. Therefore, these witnesses will be required to travel whether the trial is in Minnesota or Pennsylvania.  Defendants' principal places of business, however, are primarily located on the East Coast, making Pennsylvania a slightly closer and more convenient forum than Minnesota.

The Court must also evaluate what venue will best promote the interest of justice. *Graff*, 33 F. Supp. 2d at 1122.  This factor is weighed "very heavily."  *Id.*  A number of relevant considerations include judicial economy, the plaintiff's choice of forum, the costs of litigating in each forum, obstacles to a fair trial, choice-of-law issues, and the advantages of having a local court determine questions of local law.  *See Terra Int'l,* 199 F.3d at 696.  Here, Plaintiffs' choice of forum is given less protection since Plaintiffs do not reside in Minnesota, do not have any connection to Minnesota, and because the events underlying this action did not occur in Minnesota.  *See Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 2006).  Moreover, Plaintiffs have consented to

4

the transfer of this action.  Plaintiffs acknowledge that they filed this action in Minnesota to take advantage of this State's statute of limitations period.  The Court notes, however, that because Plaintiffs filed this action in Minnesota, the Minnesota statute of limitations will continue to govern in the transferee court so long as Plaintiffs are entitled to the benefit of the statute of limitations under Minnesota's choice-of-law rules.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (holding that a transfer under § 1404(a) does not change the applicable law in a case founded on diversity jurisdiction).

The remaining considerations with respect to the interest of justice weigh in favor of transfer.  For example, the substantive law of another state likely applies to Plaintiffs' claims, and the State of Pennsylvania has an interest in determining questions of local law and in protecting the rights of an individual who was injured in that state.

Based on the above, the Court concludes that the interest of justice strongly favors the transfer of this action to the Western District of Pennsylvania, Erie Division.

## ORDER

For the reasons stated, **IT IS HEREBY ORDERED** that:

1.      This action is transferred to the United States District Court for the Western District of Pennsylvania, Erie Division.

2.      The Clerk of Court is directed to effect the transfer.


Dated:  June 1, 2011                          s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge